## Horvath Estate

*M. E. Evashavik,* for accountant.
*George Schwartz* and *Sylvan S. Little,* for respondents.

McKENNA, *J.,* November 4, 1977 — The question involved in this case concerns the apportionment of Federal estate taxes between decedent's estate and decedent's mother who was the recipient of substantial assets from decedent by right of survivorship. The question was argued before this court on October 28, 1977. The parties had stipulated as to the facts in the case.

Decedent, Charles J. Horvath, died testate on July 19, 1976. He had never married and at the time of his death his closest living relative was his mother, Eva Horvath. Decedent's will dated August 22, 1972, reads, in part, as follows:

"FIRST: I direct that all my just debts and funeral expenses be fully paid and satisfied, as soon as conveniently may be, after my demise, and that I be buried at North Braddock Roman Catholic Cemetery, in my family plot above my father's grave.

"SECOND: . . .

"THIRD: Should my mother, EVA HORVATH, survive me, then I give, bequeath and devise all the rest, residue and remainder of my estate, real or personal, legal or equitable, converted or unconverted, of any nature whatsoever and where-

soever the same may be situate, unto PITTSBURGH NATIONAL BANK, as Trustee, nevertheless, for the use and benefit of my mother EVA HORVATH, aged 84, to expend the same in such amount, out of income or principal, for her support, nursing home care, particularly in Elder Crest Nursing Home, Munhall, Pennsylvania, maintenance, medical care, and all other needs as may be necessary for my mother's comfort, welfare and upkeep; then upon the death of my mother, Eva Horvath, the remainder of the income and principal of said trust fund is to be distributed as follows:

"(a) One-fourth (¼) interest to my cousin, ALBERTA R. KOVACS, of West Homestead, Pennsylvania.

"(b) One-fourth (¼) interest to my cousin, EILEEN CHUBA, of Irwin, Pennsylvania.

"(c) One-fourth (¼) interest to my cousin, NICHOLAS POLLACK, of Baldwin, Pennsylvania.

"(d) One-fourth (¼) interest to my god-child, SUZANNE SCHRAM, of Munhall, Pennsylvania.

"FOURTH: . . .

"FIFTH: . . .

"SIXTH: I constitute and appoint PITTSBURGH NATIONAL BANK to be the Executor of my estate."

The will was probated and letters testamentary issued to Pittsburgh National Bank on July 30, 1976. The executor filed its first and final account on August 3, 1977. This came before the court for audit on September 23, 1977. At that time, counsel for the executor requested the court to determine the proper apportionment of the Federal estate tax between probate and nonprobate assets.

It is agreed by all parties that the amount of assets comprising the gross estate for Federal tax purposes is $180,114.14. Of this sum, $68,947.61 represents assets passing under decedent's will, and $111,163.53 represents assets passing to decedent's mother by right of survivorship. The total Federal estate tax amounted to $26,733.34 and the entire tax was paid by the estate. The parties have further stipulated that the amount of the tax generated by the nonprobate assets is equal to $17,659.40.

Counsel for the executor asserts that the estate should be reimbursed by Mrs. Horvath for the amount of Federal estate tax attributable to her survivorship assets. In support of this position, counsel cites section 3704 of the Probate, Estates and Fiduciaries Code of June 30, 1972, P. L. 508, 20 Pa. C. S. A. §3704. This section reads as follows:

"Apportionment of the estate tax . . . shall be made among the persons interested in property includible in gross estate in the proportion that the value of the interest of each such person bears to the value of the net estate before exemption. The values used in determining the amount of tax liability shall be used for this purpose."

Counsel for Mrs. Horvath maintains that section 3704 of the statute does not govern the present situation, since said section is applicable only in the absence of an expressed directive by the testator concerning the apportionment of Federal estate taxes. In this case, counsel believes that testator, in paragraph first of his will, specifically exonerated his mother from her share of estate taxes. The attorney further argues that even if paragraph first of the will does not direct payment

of the estate tax by the executor, the trustee should pay the same under paragraph third of the will. He maintains that this authorizes the trustee to pay this debt of Eva Horvath.

## DISCUSSION

We find that Mrs. Horvath must reimburse the estate for her share of Federal estate taxes. We cannot allow her to avoid her responsibility in the face of section 3704 of the code. This section clearly places the onus of any tax liability on the recipient of those assets which generated the tax. The section governs this case unless testator expressly provided otherwise, employing language of clear import. See Roth Estate, 8 D. & C. 2d 70 (1956). We do not believe that paragraph first of decedent's will constitutes such a clear directive for the payment of estate taxes as to alter the normal application of statutory proration.

Also, we find no merit in the argument made by counsel for Mrs. Horvath that paragraph third of the will requires the trustee to pay Mrs. Horvath's share of the Federal estate tax. That paragraph provides for payment of the expenses of Mrs. Horvath's support, nursing home care, etc., as quoted above. The Federal estate tax is not an expense "for her support, nursing home care, medical care and all other needs as may be necessary for my mother's comfort, welfare and upkeep." We cannot construe these words to authorize the trustee to pay Eva Horvath's share of the Federal tax.

An order will be entered prorating the Federal tax and a decree of distribution will be entered consistent with this opinion.

## ORDER OF COURT

Now, November 4, 1977, on consideration of request for apportionment of Federal estate tax, and after hearing and review of arguments made, it is ordered and decreed that $17,659.40 of said tax be charged to Eva Horvath and that she remit said sum to Pittsburgh National Bank, executor of the estate.